**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| LAYNE FRANKLIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JENNIFER WALTHALL, in her official )<br>Capacity as the Secretary of the Family and )<br>Social Service Administration; KYLEE )<br>HOPE, in her official capacity as Director )<br>Of the Division of Disability and )<br>Rehabilitative Services; THERESA )<br>KOLESZAR, in her Official capacity as )<br>Director of the Bureau of Rehabilitation )<br>Services and Vocational Rehabilitation )<br>Services, )<br>Defendants. ) | No. 1:19-cv-1334-JPH-TAB |

**AMENDED ANSWER TO COMPLAINT FOR JUDICIAL REVIEW**

Defendants, by counsel, hereby amend their Answer to the Complaint for Judicial Review filed by Plaintiff, Layne Franklin, and respond as follows:

**I. INTRODUCTION**

1. Paragraph 1 of the Complaint contains a legal conclusion to which no response is required.

2. Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Defendants admit that VRS authorized Franklin to receive $6,598 per semester in her freshman year, but deny all other allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Defendants admit that VRS authorized Franklin to receive $698 in postsecondary support, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Defendants admit that Franklin appealed the postsecondary funding determination, and that a hearing was held on December 13, 2018, and a decision was issued on January 18, 2019. The remaining allegations in paragraph 11 of the Complaint are legal conclusions to which no response is required.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants admit that a Notice of Final Agency Action was issued on March 4, 2019. The remaining allegations in paragraph 13 of the Complaint are legal conclusions to which no response is required.

14. Paragraph 14 of the Complaint contains a legal conclusion to which no response is required.

## II. JURISDICTION AND VENUE

15. Paragraph 15 of the Complaint contains a legal conclusion to which no response is required.

16. Paragraph 16 of the Complaint contains a legal conclusion to which no response is required.

17. Defendants admit the allegations in paragraph 17 of the Complaint.

### III. PARTIES

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Defendants admit the allegations in paragraph 19 of the Complaint.

20. Defendants admit that Jennifer Walthall, Kylee Hope, and Theresa Koleszar each maintain offices in Indianapolis, Indiana. The remaining allegations in paragraph 20 of the Complaint are legal conclusions to which no response is required.

### IV. FACTS

21. Paragraph 21 of the Complaint contains a legal conclusion to which no response is required.

#### A. Background

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

## **B. Vocational Rehabilitation**

30. Paragraph 30 of the Complaint contains a legal conclusion to which no response is required.

31. Paragraph 31 of the Complaint contains a legal conclusion to which no response is required.

32. Defendants admit the allegations in paragraph 32 of the Complaint.

33. Defendants admit the allegations in paragraph 33 of the Complaint.

34. Defendants admit the allegations in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains a legal conclusion to which no response is required.

36. Paragraph 36 of the Complaint contains a legal conclusion to which no response is required.

37. Paragraph 37 of the Complaint contains a legal conclusion to which no response is required.

38. Paragraph 38 of the Complaint contains a legal conclusion to which no response is required.

39. Paragraph 39 of the Complaint contains a legal conclusion to which no response is required.

40. Paragraph 40 of the Complaint contains a legal conclusion to which no response is required.

41. Paragraph 41 of the Complaint contains a legal conclusion to which no response is required.

42. Paragraph 42 of the Complaint contains a legal conclusion to which no response is required.

43. Defendants admit the allegations in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains a legal conclusion to which no response is required.

45. Paragraph 45 of the Complaint contains a legal conclusion to which no response is required.

### C. Application for Vocational Rehabilitation Services

46. Defendants admit the allegations in paragraph 46 of the Complaint.

47. Defendants admit the allegations in paragraph 47 of the Complaint.

48. Defendants admit the allegations in paragraph 48 of the Complaint.

49. Defendants admit that the University of Indianapolis offers a disability support program for students with disabilities called the BUILD program and that University of

      Indianapolis and the BUILD program were added to Franklin's IPE, but deny all other allegations in paragraph 49 of the Complaint.

50. Defendants admit the allegations in paragraph 50 of the Complaint.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. Defendants admit that VRS authorized $1,111 per semester during the 2017-2018 academic year. Defendants also admit that an appeal was filed and that Franklin requested to be transferred to another vocational rehabilitation counselor, but deny all other allegations in in paragraph 52 of the Complaint.

53. Defendants admit the allegations in paragraph 53 of the Complaint.

54. Defendants admit the allegations in paragraph 54 of the Complaint.

### D. Postsecondary Support for the 2018-2019 Academic Year

55. Defendants admit that Franklin's IPE was signed in August 2018, but otherwise deny the allegations in paragraph 55 of the Complaint.

56. Defendants admit that Franklin submitted a request for an exception on September 10, 2018, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. Defendants admit that VRS authorized $698 for the Fall 2018 semester, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the complaint.

58. Defendants admit that VRS authorized $3,382 for the Fall 2018 semester for expenses related to the BUILD program. Defendants also admit that VRS paid the amount the University of Indianapolis billed VRS for the BUILD program in previous semesters.

59. Defendants admit the allegations in paragraph 59 of the Complaint.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

### E. Appeal and Agency Review

61. Defendants admit the allegations in paragraph 61 of the Complaint.

62. Defendants admit that an administrative hearing was conducted on December 13, 2018. The remaining allegations in paragraph 62 of the Complaint are legal conclusions to which no response is required.

63. Defendants admit that Administrative Law Judge Wendy Messer issued her Order on January 18, 2019. The remaining allegations in paragraph 63 of the Complaint are legal conclusions to which no response is required.

64. Defendants admit the allegations in paragraph 64 of the Complaint.

65. Defendants admit the allegations in paragraph 65 of the Complaint.

### V. Claims

### A. COUNT ONE

66. Defendants incorporate their responses to paragraphs 1 through 65 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains a legal conclusion to which no response is required.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

### B. COUNT TWO

72. Defendants incorporate their responses to paragraphs 1 through 71 of the Complaint.

73. Paragraph 73 of the Complaint contains a legal conclusion to which no response is required.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint contains a legal conclusion to which no response is required.

76. Paragraph 76 of the Complaint contains a legal conclusion to which no response is required.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

WHEREFORE, Defendants respectfully request that the Court deny all relief requested in the Complaint for Judicial Review, affirm Defendants' actions in all respects, and grant all other just and proper relief.

Respectfully submitted,

CURTIS T. HILL, Jr.
Indiana Attorney General
Atty. No. 13999-20

By:   *Sarah H. Shields*
Sarah H. Shields
Deputy Attorney General
Atty. No. 34064-49